UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JOHN HAHN and
PAUL RICHARD HAHN,

    Plaintiffs,

v.

                        Case No. 09-13551
                        Hon. Lawrence P. Zatkoff
                        Mag. Virginia M. Morgan

GULF STREAM COACH, INC. and
GENERAL RV CENTER, INC.,

    Defendants.
_____/

## ORDER REMANDING PLAINTIFFS' STATE LAW CLAIMS

Defendants filed their notice of removal to this Court on September 9, 2009, alleging federal subject-matter jurisdiction on the basis of a federal question, 15 U.S.C. § 2301 *et seq*. Plaintiffs' complaint alleges the following eight counts:

    Count I        Breach of express warranty.

    Count II       Breach of implied warranty of merchantability.

    Count III      Revocation of acceptance and rescission.

    Count IV      Breach of written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

    Count V       Breach of implied warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

    Count VI      Violation of the Michigan Consumer Protection Act, Mich.Comp.Laws. 445.901 *et seq*.

    Count VII     Breach of contract.

      Count VIII     Rescission.

A civil action brought in a state court, of which the federal district courts have original jurisdiction, may be removed by the defendant or defendants to a federal district court. 28 U.S.C. § 1441(a). Federal district courts have original subject-matter jurisdiction over cases arising under federal law. 28 U.S.C. § 1331. The Court has subject-matter jurisdiction over Count IV and Count V because they arise under federal law. 28 U.S.C. § 1331. Counts I, II, III, VI, VII, and VIII, however, are based on state law. Although the Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if there are "compelling reasons for declining jurisdiction." *Id.* § 1367(c)(4). The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims in this matter. The Court finds that the contemporaneous presentation of Plaintiffs' parallel state claims for relief will result in the undue confusion of the jury. *See id. See also Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).

      Accordingly, IT IS ORDERED that Plaintiffs' state-law claims (Counts I, II, III, VI, VII and VIII) are hereby REMANDED to the Wayne County Circuit Court. The Court retains jurisdiction over Plaintiffs' federal claims (Count IV and Count V).

      IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff  
                                                LAWRENCE P. ZATKOFF  
                                                UNITED STATES DISTRICT JUDGE

Dated: September 17, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 17, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

2